**Sean N. Egan (# 7191)**
_seannegan@sneganlaw.com_
Parkside Tower – Suite 950
215 South State Street
Salt Lake City, Utah  84111-2374
Telephone:  (801) 363-5181
Facsimile:  (801) 363-5184
   _Attorney for Plaintiff_

_____

## IN THE UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF UTAH

_____

| | |
|---|---|
| GENA GOLDEN, an individual and SUSAN GOLDEN, an individual, | ) ) **COMPLAINT** |
| Plaintiffs, | ) ) ) |
| vs. | ) Civil No. _____ ) |
| MENTOR CAPITAL, INC., a Delaware corporation and LABERTEW & ASSOCIATES, a Utah limited liability company, | ) Honorable _____ ) ) ) |
| | ) **(Jury Trial Demanded)** ) |
| Defendants. | ) ) |

COME NOW plaintiffs Gena Golden and Susan Golden ("Golden") to allege and complain

against defendants Mentor Capital, Inc. and Labertew & Associates ("defendants") as follows:

### PARTIES

1.     Gena Golden and Susan Golden are residents of Dade County, Florida.

2.     Mentor Capital, Inc. ("Mentor") is a Delaware corporation with its principal place

of business in Ramona, California.

3.      Labertew & Associates ("L&A") is a Utah limited liability company with its offices at 2825 East Cottonwood Parkway, Suite 500, Salt Lake City, Utah.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  This Court has personal jurisdiction over Mentor Capital, Inc. pursuant to U.C.A. § 78B-3-201, et seq., the Utah long-arm statute.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

6.      Mentor is in the business of purchasing companies that service the legal and medical cannabis industry.  Mentor was formerly known as Main Street Capital which filed for bankruptcy in the United States Bankruptcy Court for the Northern District of California on August 21, 1998. In June 2003, the Securities & Exchange Commission ("SEC") entered a Cease and Desist Order against Mentor for being an unregistered investment company in violation of the Securities Act of 1940 and the Securities Act of 1934.

7.      During all relevant times, Gena and Susan Golden were interested in making investments into their investment portfolios.  In early 2014, their husband and father respectively, Richard Golden ("Richard"), was attempting to locate a suitable investment for them.

8.      In March 2014, Richard learned of an opportunity to invest with Mentor. Specifically, he was told about the possibility of purchasing free trading Mentor common stock.

9.      As part of his investigation into Mentor for his wife and daughter, Richard reviewed a "Blanket Opinion Letter" ("BOL") drafted by Michael L. Labertew, Esq. of Labertew & Associates, a Salt Lake City based law firm that had been posted on the Mentor website.  L&A represents itself as having skill and experience in matters of federal and state securities laws.  In January 2004, the SEC sanctioned Michael Labertew for a judgment entered against him by the United States District Court for the Southern District of Texas which, among other things, permanently enjoined him from future violations of Section 5 of the Securities Act of 1933.

10.     The purpose of the BOL was to advise prospective investors who were considering buying Mentor stock directly or through the market.  Another purpose of the BOL was to advise and explain to the transfer agent for Mentor that it was authorized to issue Mentor warrants or shares of common stock.  The BOL authored by L&A contains numerous false, inaccurate and misleading statements including, but not limited to, the following:

   a.      That the transfer agent for Mentor was authorized to issue Mentor warrants or common shares without a restrictive legend;

   b.      That such warrants or shares were subject to an exemption from the registration requirements set forth in Section 3(a)(7) of the Securities Act of 1933 and Section 1145 of the U.S. Bankruptcy Code;

   c.      That certain warrants and warrant series were approved by the Bankruptcy Court for Main Street Capital pursuant to a Disclosure Statement and Plan of Reorganization

approved by the Bankruptcy Court  in January 2000 which had been repriced and their exercise periods extended; and

d.       That the Securities & Exchange Commission had issued a "No Action" letter regarding the Plan of Reorganization and Disclosure Statement prepared by Main Street Capital in December 1999.

11.      In reality, the approved Plan of Reorganization provided that the warrants had to be issued within 485 days of the plan's confirmation date, January 11, 2000, that is by August 10, 2001 unless the holder of the warrants had received an extension of the expiration date in writing from Main Street or Mentor.

12.      In reality, any warrants and shares issued were not exempt from the registration requirements under the Securities Act of 1933 or under 11 U.S.C. § 1145.

13.      In reality, the Securities & Exchange Commission did not issue an "No Action" letter in connection with the Plan of Reorganization submitted by Main Street Capital.

14.      In or about March 2014, Golden purchased $146,250 worth of Mentor stock.

15.      Golden received shares of Mentor stock which did not have a restrictive legend on them.  The significance of this was that the stock was represented to be "freely tradable."

16.      Golden attempted to trade this stock at several national brokerage firms all of which refused to accept the shares without a letter from the issuer.  Mentor provided an issuer letter but those same brokerage firms rejected it.

17.     The Mentor shares Golden received for their $146,250 can not be freely traded and are therefore worthless.

## COUNT I

**(Violation of Securities Act of 1933 Against All Defendants)**

18.     Golden repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 17 of their Complaint.

19.     Mentor offered to Golden and Golden purchased from Mentor securities which had not been registered in violation of Section 5 of the 1933 Act.

20.     The Mentor securities were not exempt from registration by law or rule.

21.     Mentor offered these securities by use of the BOL which was a communication over state lines and which contained numerous materially false, inaccurate and misleading statements as described herein.

22.     As described herein, L&A made several false, misleading and inaccurate statements in its BOL knowing that potential investors such as Golden would be relying upon those statements.

23.     Golden did in fact rely upon the BOL in making their decision to purchase Mentor stock.

24.     As a result of the conduct alleged herein, Golden has been damaged in an amount to be proven at trial but not less than $150,000.

25.     The conduct of defendants was undertaken in bad faith and was in reckless disregard of and wanton indifference towards the rights of Golden, thereby entitling Golden to an award of punitive or exemplary damages.

## COUNT II

### (Violation of Section 10(b) of the 1934 Act and Rule 10b-5)

26.     Golden repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 25 of their Complaint.

27.     By and through the conduct alleged herein, Mentor and L&A violated § 10(b) of the 1934 Act and Rule 10b-5 by acting in or by interstate commerce:

a.     Employing a device, scheme or artifice to defraud;

b.     Making an untrue statement of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

c.     Engaging in an act, practice and course of business which operated as a fraud or deceit upon Golden.

28.     Golden reasonably relied on the knowingly fraudulent mis-statements and omissions of Mentor and L&A and was damaged by that reliance in an amount to be proven at trial but no less than $150,000.

Complaint.wpd

29.     The conduct of Mentor and L&A was undertaken in bad faith and was in reckless disregard of and wanton indifference towards the rights of Golden, thereby entitling Golden to an award of punitive or exemplary damages.

## COUNT III

### (Fraud Against All Defendants)

30.     Golden repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 29 oftheirComplaint.

31.     As alleged herein, defendants made numerous false and misleading statements of facts or omissions of material fact with the specific intent of causing Golden to purchase Mentor's stock.  These material misrepresentations and omissions include the following:

    a.      That Mentor was authorized to issue Mentor warrants or common shares without a restrictive legend;

    b.      That such warrants or shares were subject to an exemption from the registration requirements set forth in Section 3(a)(7) of the Securities Act of 1933 and Section 1145 of the U.S. Bankruptcy Code; and

    c.      That the Securities & Exchange Commission had issued a "No Action" letter regarding the Plan of Reorganization and Disclosure Statement prepared by Main Street Capital in December 1999.

32.     Defendants knew or should have known that the representations and omissions that were made in the BOL were materially false and misleading.

Complaint.wpd

33.     Golden reasonably relied upon the representations and omissions of defendants.  As a result of their reasonable reliance, Golden has been damaged in an amount to be proven at trial but not less than $150,000.

34.     The conduct of defendants was undertaken in bad faith and was in reckless disregard of and wanton indifference towards the rights of Golden, thereby entitling Golden to an award of punitive or exemplary damages.

## COUNT IV

### (Negligent Misrepresentation Against All Defendants)

35.     Golden repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 34 oftheirComplaint.

36.     Defendants had a pecuniary interest in the transaction with Golden.

37.     Defendants were in a superior position to know what their true and actual intent was regarding their relationship with Golden and the money that Golden was investing to purchase Mentor stock.

38.     Defendants foresaw or should have foreseen that Golden would reasonably rely on their representations or omissions.

39.     Golden reasonably relied upon defendants' careless and negligent representations and omissions regarding use of Golden's investment money.

40.     As a result of their reliance, Golden has suffered damages in an amount to be proven at trial but not less than $150,000.

Complaint.wpd

41.     Defendants' conduct as alleged herein was undertaken in bad faith and was in reckless disregard of and wanton indifference towards the rights of Golden, thereby entitling Golden to an award of punitive or exemplary damages.

## COUNT V

### (Conspiracy Against All Defendants)

42.     Golden repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 41 of their Complaint.

43.     The defendants were and are involved in a conspiracy to harm Golden.  The object of this conspiracy was and is, among other things, to take money from Golden that she had invested in shares of stock that were not registered and were not subject to any lawful exemption.

44.     Mentor and L&A had a meeting of the minds as to the object of the conspiracy and the acts undertaken in furtherance of it.

45.     Defendants engaged in one or more unlawful overt acts as part of a scheme to damage Golden.  These acts include, but are not limited to, the solicitation of Golden's investment and the misrepresentations concerning the tradeability of Mentor's stock, particularly as set forth in the BOL.

46.     Golden has been damaged as a proximate result of the conspiracy between Mentor and L&A in an amount to be proven at trial but not less than $150,000.

47.     The conduct of defendants was undertaken in bad faith and reckless disregard of and wanton indifference towards the rights of Golden, thereby entitling Golden to an award of punitive or exemplary damages.

## COUNT VI

### (Declaratory Judgment)

48.     Golden repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 47 of their Complaint.

49.     A controversy exists between Mentor and Golden concerning whether the shares Mentor issued to Golden are freely tradeable.

50.     Mentor relies upon L&A's BOL to establish that the Golden shares are tradeable while Golden contends that the BOL is false, misleading, inaccurate and invalid.

51.     Pursuant to 28 U.S.C. § 2201, et seq. Golden respectfully requests that this Court issue the following declaratory judgment:

a.      That the BOL is invalid because it contains materially false and inaccurate statements and fails to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and

b.      That the Mentor shares are unregistered securities, not subject to an exemption and are therefore not freely tradeable.

Complaint.wpd

WHEREFORE, Golden respectfully requests the following relief:

1.      With respect to Count I, damages, including punitive or exemplary damages, in an amount to be proven at trial but not less than $150,000;

2.      With respect to Count II, damages, including punitive or exemplary damages, in an amount to be proven at trial but not less than $150,000;

3.      With respect to Count III, damages, including punitive or exemplary damages, in an amount to be proven at trial but not less than $150,000;

4.      With respect to Count IV, damages, including punitive or exemplary damages, in an amount to be proven at trial but not less than $150,000;

5.      With respect to Count V, damages, including punitive or exemplary damages, in an amount to be proven at trial but not less than $150,000;

6.      With respect to Count VI, a declaratory judgment:

     a.      That the BOL is invalid because it contains materially false and inaccurate statements and fails to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and

     b.      That the Mentor shares are unregistered securities, not subject to an exemption and are therefore not freely tradeable.

7.      All costs and fees, including reasonable attorney's fees, associated with the bringing of this action;

Complaint.wpd

8.      All pre- and post-judgment interest as may be allowed by law; and

9.      Any and all other relief as this Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Fed. R. Civ. P. 38, Golden respectfully requests a trial by jury for all matters so triable.

RESPECTFULLY SUBMITTED this 19th day of March, 2015.

By ___*/s/ Sean N. Egan*_____
      Sean N. Egan
      *Attorney for Plaintiff*

Complaint.wpd

12