# EXHIBIT 1

**From:** Chet Billingsley
**Sent:** Monday, March 10, 2014 9:32 PM
**To:** 'Scott Van Rixel'
**Subject:** RE: Stock Questions

Scott & Jeff -- Answers:

1. *Who is the seller?* --- This is an original sale, not a resale. So, like with an IPO it is a direct issuance by the company -- it is a sale by the company.

2. *Who is the stock transfer agent?*

   MC Transfer

   (DTC TA# 23368)
   (FINS# 337 329)
   6923 Sumac Court
   Centerville, MN 55038

   Company TA Contact: Dave
   TA Phone: (612) 968 – 3299

   TA Fee: $20 per certificate produced (payable to MC Transfer)

   The owner of MC transfer & our transfer agent for the last 14 years is Dave Billingsley, who is my brother.

3. *Where can we deposit them?* In theory, anyplace. In practice I would try Merrill Lynch or or Charles Schwab

4. *Can you confirm they are unrestricted?* The are unrestricted and fall under the exemption from registration afforded under Section 1145.

Mentor - 000309

Best,

**Chet Billingsley**, Chairman & CEO

△ MENTOR CAPITAL, INC. (*MNTR*)

Post Office Box 1709 △ Ramona, CA 92065

Dir: (760) 788 - 4700 △ Fax: (760) 788 - 2525

Email: Chet@MentorCapital.com   Website: www.MentorCapital.com

**From:** Scott Van Rixel [mailto:scott@bhangchocolate.com]
**Sent:** Monday, March 10, 2014 8:34 PM
**To:** Chet Billingsley
**Cc:** Richard Sellers
**Subject:** Stock Questions
**Importance:** High

Richard and I had couple quick questions:

1. Who is the seller
2. Who is the stock transfer agent?
3. Where can we deposit them? (I think you mentioned some brokers that will accept them).
4. Can you confirm they are unrestricted?

Thanks... these were sent to us by a mutual friend who is more savvy with stocks than we are...

Scott J. Van Rixel
Bhang Chocolate Company Inc.
scott@bhangchocolate.com

PRIVILEGED AND CONFIDENTIAL COMMUNICATION NOTICE.
This electronic transmission, including any attachments, is protected by the Electronic Communications Privacy Act (18 U.S.C. §§ 2510-2521), may contain confidential or legally privileged information, and is for the sole use of the person to whom it is addressed or any other intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.
PRIVILEGIADA Y AVISO DE COMUNICACIÓN CONFIDENCIAL.
Esta transmisión electrónica, incluidos los archivos adjuntos, está protegida por la Electronic Communications Privacy Act (18 USC § § 2.510-2521), puede contener información confidencial o legalmente protegida, y es para el uso exclusivo de la persona a quien se dirige o cualquier otro destinatario previsto (s). Cualquier revisión, uso, distribución o divulgación por los demás es estrictamente prohibido. Si no es el destinatario (o no esta autorizado para el destinatario), por favor ponte en contacto con el remitente mediante un correo electrónico o por teléfono, y eliminar todas las copias de este mensaje.

# EXHIBIT 2

**Sean N. Egan (# 7191)**
seannegan@sneganlaw.com
Parkside Tower – Suite 950
215 South State Street
Salt Lake City, Utah 84111-2374
Telephone: (801) 363-5181
Facsimile: (801) 363-5184
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF UTAH

| | |
|---|---|
| GENA GOLDEN, an individual and SUSAN GOLDEN, an individual, | |
| | **DECLARATION OF** |
| | **RICHARD A. GOLDEN, ESQ.** |
| Plaintiffs, | |
| vs. | |
| | Civil No. 2:15-CV-00176-TC |
| MENTOR CAPITAL, INC., a Delaware corporation, LABERTEW & ASSOCIATES, a Utah limited liability company, and Michael L. Labertew, an individual | Honorable Jill N. Parrish |
| | **(Jury Trial Demanded)** |
| Defendants. | |

I, RICHARD A. GOLDEN, ESQ., declare:

1. I have personal knowledge of the facts set forth in this declaration

2. In late February 2014, I became aware of an opportunity to purchase shares from a company called Mentor Capital. At that time I was looking for a suitable investment opportunity for my wife Gena and my daughter Susan. Shortly thereafter, Scott Van Rixel showed me a letter Chester Billingsley, the CEO of Mentor, had written to Scott representing that the shares were

unrestricted and freely tradable. A copy of this letter is attached hereto as Exhibit A. The opportunity Billingsley described seemed ideal.

3. Billingsley also told Van Rixel that the opportunity to purchase shares would not be available for a long time and that he needed to move quickly to place an order.

4. In order to ensure that I could take advantage of the opportunity, Van Rixel offered to front the purchase price and I would pay him back. Otherwise, he would keep the shares for himself.

5. Prior to committing to the purchase of shares, I reviewed a blanket opinion letter posted on the Mentor website. It was authored by Michael L. Labertew, Esq. Based upon the language of the opinion letter, I decided to commit funds on behalf of my wife and daughter from their respective trusts to purchase Mentor shares.

6. On March 20, 2014, my wife Gena and my daughter Susan received a confirmation of their purchase of Mentor shares.

7. Despite being represented as freely tradable, we were unable to deposit the shares into any brokerage house including those recommended by Mentor.

8. Following March 20, 2014, both my son Adam and I communicated a number of times with Mentor personnel, including Chester Billingsley, about the shares and our inability to deposit them. At no time was I ever told that the shares were not purchased by Gena or Susan

2

Decl - Richard Golden[f]

recourse was to look to Scott Van Rixel until the late Summer of 2014 after it became clear that the shares were not freely tradeable.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 24 day of September, 2015.

By _____
RICHARD A. GOLDEN, ESQ.

3

Decl - Richard Golden

# EXHIBIT 3

Δ MENTOR CAPITAL, INC.

P. O. Box 1709 Δ Ramona, CA  92065

(760) 788 – 4700   Δ   (760) 788 - 2525 Fax

FILE COPY

Jennifer Boals
Consultant

Admin@MentorCapital.com
www.MentorCapital.com

Tuesday, March 20, 2014

Gena Golden
6815 Biscayne Blvd, Ste 103
Miami, FL 33138-6292

Subject:                    **Confirmation of $204,750.00 Share Purchase**

Dear Ms. Golden:

It is great of you to consider us and we very much appreciate your recent investment.

Attached please find a confirming copy of your February 28, 2014 check #8030 for $204,750.00. Part of this remittance has been applied to complete the exercise of your MNTR warrants, which have now been converted to 25,000 shares.

This information is being forwarded to the transfer agent and your certificates will be sent here for final confirmation and forwarding on to you.

Thank you again for your growing interest in our investor family.

Sincerely,

Δ MENTOR CAPITAL, INC.

Jennifer Boals

# Δ MENTOR CAPITAL, INC.


FILE COPY

P. O. Box 1709 Δ Ramona, CA 92065
(760) 788 – 4700 Δ (760) 788 - 2525 Fax

Jennifer Boals
Consultant

Admin@MentorCapital.com
www.MentorCapital.com

Tuesday, March 20, 2014

Susan K. Golden
6815 Biscayne Blvd, Ste 103
Miami, FL 33138-6292

Subject: **Confirmation of $204,750.00 Share Purchase**

Dear Ms. Golden:

It is great of you to consider us and we very much appreciate your recent investment.

Attached please find a confirming copy of your February 28, 2014 check #8030 for $204,750.00. Part of this remittance to complete the exercise of your MNTR warrants, which have now been converted to 50,000 shares.

This information is being forwarded to the transfer agent and your certificates will be sent here for final confirmation and forwarding on to you.

Thank you again for your growing interest in our investor family.

Sincerely,

Δ MENTOR CAPITAL, INC.

Jennifer Boals

# EXHIBIT 4

# Chet Billingsley

| | |
|---|---|
| From: | Chet Billingsley |
| Sent: | Wednesday, May 07, 2014 10:08 AM |
| To: | Adam F. Golden |
| Subject: | RE: Deposit of certificates |

Adam -- I don't know without checking if they are your relatives, but Susan & Gena Golden are just now depositing their shares with Wells Fargo. Wells called me not one hour ago to verify authenticity of shares. However, I know at Wells, you have to know somebody to get the shares in.

Otherwise, I would try Spencer Edwards in Denver. Ask for Todd Michaels. About 10 or 12 folks have gone through him.

  Best,

  Chet Billingsley, Chairman & CEO
Δ  M E N T O R   C A P I T A L , I N C.  (MNTR)
    Post Office Box 1709  Δ  Ramona, CA  92065
    Dir: (760) 788 - 4700  Δ  Fax: (760) 788 - 2525
Email:  Chet@MentorCapital.com       Website:  www.MentorCapital.com

-----Original Message-----
From: Adam F. Golden [mailto:afg@kgpalaw.com]
Sent: Wednesday, May 07, 2014 9:46 AM
To: Chet Billingsley
Cc: Richard A. Golden
Subject: Deposit of certificates

Mr. Billingsley,

Good afternoon. Can you please advise as to a brokerage firm that will accept physical certificates for trading MNTR stock? Neither Morgan Stanley nor Schwab will allow us to deposit them...please let me know as soon as possible, thanks in advance.

Adam Golden

Sent from my iPhone

# Chet Billingsley

| | |
|---|---|
| From: | Richard A. Golden <rag@Kgpalaw.com> |
| Sent: | Friday, July 11, 2014 8:40 AM |
| To: | Chet Billingsley |
| Cc: | Adam F. Golden; Richard A. Golden |
| Subject: | Stock Certificates of Susan K Golden/Gena Golden |
| Importance: | High |

Mr. Billingsley,

This email is in regard to the accounts of SUSAN K GOLDEN/GENA GOLDEN who bought 70,000+ MNTR Shares at a price of $1.95 per share.

When you sold us shares, you represented to us in writing that: "The shares will be freely trading."

1. We have found it extremely difficult to find any brokerage firm to execute sales of the shares you sold us, because, for various reasons, most brokerage firms will not deal with your shares.

2. The brokerage firm you sent us to now says that:

"We need a legal opinion from Chet [Billingsley]'s attorney as to the warrant conversion for [Gena and Susan Golden]" and that the "blanket legal opinion" issued by Chet's counsel in March was not sufficient."

They say you have been notified of that deficiency.

3. Please immediately provide us a copy of your attorney's legal opinion "as to the warrant conversion for [Gena and Susan Golden]."

4. Also, please immediately provide us with a copy of your attorney's legal opinion to correct the deficiencies in: "the "blanket legal opinion" issued by Chet's counsel in March [that] was not sufficient."

As you are well aware, the price of MNTR shares continue to drop. We need to sell the shares you sold us as soon as possible to stop our losses.

At this point, your statement that the "shares will be freely trading" appears to be an illusion, because:
  — There is a lack of brokerage firms to handle trades in MNTR stock
  — There is a lack of a legal opinion letter, that can only be provided by you, as to the warrant conversion for the MNTR stock purchased ...a letter that is acceptable to the only brokerage firm willing to trade in your MNTR securities
  — There is a lack of a legally sufficient opinion letter, that can only be provided by you, curing the deficiencies in the "blanket opinion letter," ...a letter that is acceptable to the only brokerage firm willing to trade in your MNTR securities

All of these items are in your control, and are your responsibility to provide.

Leaving aside that you should have taken care of these key matters BEFORE you sold us "free trading" stock, it is now incumbent upon you to provide all the legal opinions that are acceptable to the only firm willing to trade in your MNTR shares.

Please attend to this immediately, and provide us by return email what you are doing, and when you are doing it, and provide us copies of the legal opinions required for us to trade in your "free trading" securities.

As mentioned above, the price of MNTR shares continue to drop, and are well below the price at which you sold them to us. We need to sell the shares you sold us as soon as possible to stop our losses.

Any delays in remedying the deficiencies noted only add further to our losses.

Mentor - 000059

1

Richard Golden
Adam Golden
On behalf of SUSAN K GOLDEN/GENA GOLDEN

Kindest regards,
*Richard A. Golden, Esq.*
Attorney at Law

**KG** Kramer & Golden, P.A. • Law Offices

1175 N.E. 125th Street, Suite 512
North Miami, Florida 33161
P: (305) 899-1800
F: (305) 891-1144
E: rag@kgpalaw.com
www.kgpalaw.com

**CONFIDENTIALITY NOTE:** The information contained in this transmission may be priviliged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipitent, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immeditatley reply to the sender that you have received this communication in error then delete it.

**CIRCULAR 230 NOTICE:** To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recomnneding to another party any transaction or matter addressed in this e-mail or attachment.

Mentor - 000060

## Chet Billingsley

| | |
|---|---|
| From: | Chet Billingsley |
| Sent: | Tuesday, July 22, 2014 11:50 AM |
| To: | Richard A. Golden |
| Cc: | Adam F. Golden; Paul Marotta |
| Subject: | RE: MNTR Stock - Susan & Gena Golden |
| Categories: | vR BHANG |

**Gentlemen** -- Although I disagree with virtually everything in your missive below, we are willing to help straighten out the hurdles you somehow have attracted, that 3,000 others have not. The Issuer Letter you were supplied with is improper and does not apply to the subject securities. It cannot be signed as prepared. Please have the broker you are considering contact me and he and I can discuss what he needs.

Sincerely,

*Chet Billingsley*, Chairman & CEO
Δ MENTOR CAPITAL, INC. (*MNTR*)
Post Office Box 1709 Δ Ramona, CA 92065
Dir: (760) 788 - 4700 Δ Fax: (760) 788 - 2525

Email: Chet@MentorCapital.com     Website: www.MentorCapital.com

*Disclaimer and Forward Looking Statements*
*SAFE HARBOR STATEMENT: Certain statements contained in this email, attachments and associated discussions, including statements regarding events and financial trends that may affect Mentor Capital, Inc.'s future operating results, financial position, stock price and cash flows, may constitute forward-looking statements within the meaning of the federal securities laws. These statements are based on our assumptions and estimates and are subject to risks and uncertainties. You can identify these forward-looking statements by the use of words like "strategy," "expects," "plans," "believes," "will," "would", "estimates," "intends," "feels," "projects," "goals," "targets," "hopes," "seeks" and other words of similar meaning. Pro forma projections of an individual or generic investor's investment performance always are completely uncertain. Similarly, pro forma discussions of share or warrant prices, separated warrant and share pricing upon a reverse split, movement to other exchanges, for example in order to explain the sequence and timing of share trading and possible warrant exercise sequences, are always completely uncertain. You can also identify these and other forward statements by the fact that they do not relate strictly to historical or current facts. For these statements, we claim the protection of the safe harbor for forward-looking statements provided by the Private Securities Litigation Reform Act of 1995. Always consult a financial professional before making any investment into Mentor Capital, Inc. or similar smaller public companies.*

**From:** Richard A. Golden [mailto:rag@Kgpalaw.com]
**Sent:** Monday, July 21, 2014 12:25 PM
**To:** Chet Billingsley
**Cc:** Richard A. Golden; Adam F. Golden
**Subject:** MNTR Stock - Susan & Gena Golden
**Importance:** High

Chester Billingsley, President
Mentor Capital, Inc.

Mr. Billingsley,

As you know we purchased Mentor stock (MNTR) mid-March.

These share were issued to Gena Golden (25,000 shares), and Susan Golden (50,000 shares).

It was represented by you that such shares were to be free trading, with no restrictions.

As you also are aware, we have been trying to sell our shares through a market transaction.

Mentor - 000061

## Chet Billingsley

| | |
|---|---|
| From: | Chet Billingsley |
| Sent: | Sunday, July 27, 2014 4:39 PM |
| To: | Richard A. Golden |
| Cc: | Paul Marotta |
| Subject: | RE: MNTR STOCK - SUSAN & GENA GOLDEN |
| Categories: | vR BHANG |

**Gentleman** -- If your broker needs an issuer letter, please have him contact me.

Sincerely,

*Chet Billingsley*, CHAIRMAN & CEO
Δ MENTOR CAPITAL, INC. (*MNTR*)
Post Office Box 1709 Δ Ramona, CA 92065
Dir: (760) 788 - 4700 Δ Fax: (760) 788 - 2525

Email: Chet@MentorCapital.com    Website: www.MentorCapital.com

Disclaimer and Forward Looking Statements
*SAFE HARBOR STATEMENT: Certain statements contained in this email, attachments and associated discussions, including statements regarding events and financial trends that may affect Mentor Capital, Inc.'s future operating results, financial position, stock price and cash flows, may constitute forward-looking statements within the meaning of the federal securities laws. These statements are based on our assumptions and estimates and are subject to risks and uncertainties. You can identify these forward-looking statements by the use of words like "strategy," "expects," "plans," "believes," "will," "would", "estimates," "intends," "feels," "projects," "goals," "targets," "hopes," "seeks" and other words of similar meaning. Pro forma projections of an individual or generic investor's investment performance always are completely uncertain. Similarly, pro forma discussions of share or warrant prices, separated warrant and share pricing upon a reverse split, movement to other exchanges, for example in order to explain the sequence and timing of share trading and possible warrant exercise sequences, are always completely uncertain. You can also identify these and other forward statements by the fact that they do not relate strictly to historical or current facts. For these statements, we claim the protection of the safe harbor for forward-looking statements provided by the Private Securities Litigation Reform Act of 1995. Always consult a financial professional before making any investment into Mentor Capital, Inc. or similar smaller public companies.*

**From:** Richard A. Golden [mailto:rag@Kgpalaw.com]
**Sent:** Friday, July 25, 2014 10:48 AM
**To:** Chet Billingsley
**Cc:** Richard A. Golden; Adam F. Golden
**Subject:** MNTR STOCK - SUSAN & GENA GOLDEN
**Importance:** High

Mr. Billingsley,

Thank you for your reply.

As per your suggestion:

1) A broker that thinks you are safe to work with - for this, be nice

    We have always been nice.

2) A clean paper trail (check copies, buy-sell agreements, etc) of how you came to own these shares. Sometimes referred to as proof of consideration. To my knowledge all brokers need this and FINRA demands it in their audits. If MNTR needs to do an Issuer Letter, we should have this in hand first.

    We have such proof.

We asked Scott Van Rixel to advance the sums to Mentor for payment of the shares, due to short term cash liquidity on our part, and we subsequently re-paid him for the same. We have proof of this, as needed by the broker. As you can see from the

Mentor y000074

1

## Chet Billingsley

| | |
|---|---|
| From: | Richard A. Golden <rag@Kgpalaw.com> |
| Sent: | Friday, August 01, 2014 8:43 AM |
| To: | Chet Billingsley |
| Cc: | Adam F. Golden; Paul Marotta; Richard A. Golden |
| Subject: | Re: [SPAM] RE: DSRQ (Deposit Securities Request Questionaire) for COR - Only Payment Proof Remains |

Chet--

News in the Issuer Letter? Below you stated same would be completed on 30/07. I am out of town since that date and have not seen this letter. As you can see I am trying to communicate on my iPhone. Please send ASAP to Geoff at BMA with a copy to me/Adam.

Thankx rag

Best,
Richard A. Golden, Esq.
KRAMER & GOLDEN, P.A.
1175 N.E. 125th Street, Suite 512
North Miami, Florida 33161
P: (305) 899-1800
F: (305) 891-1144
E: rag@kgpalaw.com

Sent from my iPhone

On Jul 30, 2014, at 13:16, "Chet Billingsley" <Chet@mentorcapital.com> wrote:

> **Richard** -- My apologies for not seeing that following the Spencer Edwards letter in your attachment there were the check copies in one long attachment. The letter was short on the page and I did not scroll down. I will prepare the Issuer Letter and forward same to Geoff Church at BMA later today.
>
> By the way, do not include the Spencer Edwards letter in an attachment to BMA. It will just prod them to ask, "Why was this rejected by Spencer? Perhaps we should look harder."
>
> Best in All Things,
>
> ***Chet Billingsley***, Chairman & CEO
> Δ **MENTOR  CAPITAL**, inc. (*MNTR*)
> Post Office Box 1709  Δ  Ramona, CA  92065
> Dir: (760) 788 - 4700  Δ  Fax: (760) 788 - 2525
>
> Email: Chet@MentorCapital.com     Website: www.MentorCapital.com
>
> Disclaimer and Forward Looking Statements
> *SAFE HARBOR STATEMENT: Certain statements contained in this email, attachments and associated discussions, including statements regarding events and financial trends that may affect Mentor Capital, Inc.'s future operating results, financial position, stock price and cash flows, may constitute forward-looking statements within the meaning of the federal securities laws. These statements are based on our assumptions and estimates and are subject to risks and uncertainties. You can identify these forward-looking statements by the use of words like "strategy," "expects," "plans," "believes," "will," "would", "estimates," "intends," "feels," "projects," "goals," "targets," "hopes," "seeks" and other words of similar meaning. Pro forma projections of an individual or generic investor's investment performance always are completely uncertain. Similarly, pro forma discussions of share or warrant prices, separated warrant and share pricing upon a reverse split, movement to other exchanges, for example in order to* Mentorial 000 408 ence

1

## Chet Billingsley

| | |
|---|---|
| From: | Adam F. Golden <afg@kgpalaw.com> |
| Sent: | Wednesday, August 06, 2014 7:36 AM |
| To: | Tod Anthony DiTommaso, Esq.; Chet Billingsley |
| Cc: | Richard A. Golden |
| Subject: | RE: MNTR Stock - Susan & Gena Golden - Opinion Letter |
| Importance: | High |
| Categories: | vR BHANG |

Mr. DiTommaso,

First of all, thanks for your prompt attention and response; I am very grateful. Second, I copied Mr. Chet Billingsley on this e-mail, as he is in a better position to answer your query.

Chet – can you please provide Mr. DiTommaso any information regarding the warrant exercise, pursuant to his request directly below. Thanks in advance for your prompt attention. Please reply all in your response so that both Mr. DiTomasso and myself receive the reply.

Kindest regards,
*Adam F. Golden, Esq.*
Attorney at Law

 Kramer & Golden, P.A. • Law Offices

1175 N.E. 125th Street, Suite 512
North Miami, Florida 33161
P: (305) 899-1800
F: (305) 891-1144
E: afg@kgpalaw.com
www.kgpalaw.com

**CONFIDENTIALITY NOTE:** The information contained in this transmission may be priviliged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipitent, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immeditatley reply to the sender that you have received this communication in error then delete it.

**CIRCULAR 230 NOTICE:** To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recomnneding to another party any transaction or matter addressed in this e-mail or attachment.

**From:** Tod Anthony DiTommaso, Esq. [mailto:todanthonyditommaso@earthlink.net]
**Sent:** Tuesday, August 05, 2014 6:02 PM
**To:** Adam F. Golden
**Subject:** RE: MNTR Stock - Susan & Gena Golden - Opinion Letter

Mr. Golden,

I have reviewed the information you have provided. It is my understanding that the shares were acquired when Susan and Gina exercised a warrant received in connection with the 1998 bankruptcy proceedings of Mentor Capital, Inc. As such, issuance of the warrant was exempt from registration pursuant to 11 U.S.C. 1145(a) and exercise of the warrant resulted in freely trading stock pursuant to 11 USC 1145(a)(2).

Please confirm that the above fact is true and provide me with the date that the warrant was obtained. I will then prepare a shareholder declaration affirming the above fact as well as their non-affiliate status.

Mentor - 000115

1

## Chet Billingsley

| | |
|---|---|
| From: | Adam F. Golden <afg@kgpalaw.com> |
| Sent: | Wednesday, September 10, 2014 1:35 PM |
| To: | Chet Billingsley |
| Subject: | Reply To Your E-mail From Last Week |
| Importance: | High |

Chet,

In response to your reply:

We have one rational goal, to get our money back. At this point, we have gotten zero back for our investment. We will do whatever it takes to get back our money.

As for your assistance in getting shares deposited for selling, there is one major flaw...we cannot get a legal opinion letter from an attorney familiar with your company. And the brokerage firm you sent us to refused to accept the "blanket opinion letter" you supplied, as "legally insufficient." You promised "free trading shares," which we relied upon to make our investment. In point of fact, they are not tradable.

You sold us stock. Then sent us an Issuer Letter that said we received warrants...which was not the case. The issue date on the warrants you said you sold us, per your Issuer Letter, and which we then converted to stock, were dated a week AFTER the stock issue date. No attorney, given those facts, will give us a legal opinion letter.

The "blanket opinion letter" relies upon an SEC "No Action Letter." In fact, that so-called No Action Letter is not on file with the SEC, because it is NOT a No Action Letter. It is, in fact, quite the opposite. And that particular SEC letter specifically says it cannot be relied upon, and it and the court rejects your use of 1145 as a backdoor way to evade securities registration.

In fact, two years after that letter, you signed an SEC Cease and Desist action stating (inter alia) you were illegally using 1145 to do then, what you are doing now — selling us and others unregistered securities. That letter said you promised to the SEC to not do the same fraudulent things again. You have done it again, took money from us in the process, and in doing so violated your SEC Cease and Desist Order.

We have done our homework. We have researched the facts and the law. We have retained counsel to initiate suit against you based upon the data I gave you in my original letter. We intend to sue, (among several other provisions), under 10b-5, RICO, and will also file a Shareholder's Derivative Action. We are preparing to go after Mentor, you personally, your brother, your Board members individually, the attorneys representing Mentor and those making false Legal Opinion Letters, and Mentor's accounting advisors. We will also go after this trading on the inside information you gave them in advance of several announcements (we already have a short list, and will expand it during discovery). We will find deep pockets somewhere, and perhaps a lot of smaller ones. But, wherever we find it, WE WILL GET OUR MONEY BACK. In the process, if that shuts down the company, it is of no personal concern to us. That is your problem to consider, not ours. And, under a Derivative Action, after being reimbursed for our costs, we will move to remove the entire board and management, and close the company down in any case.

So, as I have said, we had hoped to avoid litigation. BUT WE WILL GET OUR MONEY BACK. The choice is yours as to how we will get it back.

If you want to give it back to us first, avoiding the very public fight we are planning, compensatory damages, treble damages, and our attorney's fees, and significant legal costs, then you should find a way to do so, NOW. To avoid this action, and to give you time to raise the money needed to pay us off, if time is what you need, we are willing to accept

Mentor - 000203

- $50,000 payable immediately
- $50,000 payable in 30 days
- $70,000 payable in 60 days, which payment includes costs to reimburse us our attorney's fees
- Your personal guaranty for these payments
- a copy of your latest financial statements, with you attesting to their accuracy and truthfulness
- If you reimburse us all $150,000 immediately, we will waive the attorney's fees
- all payments are to be made via wire transfer to an account directed by us

This is our final offer. If we do not hear back from you within 24 hours, we will assume you have no intention of reimbursing us, and we will proceed, as previously noted.

Adam


Kindest regards,
*Adam F. Golden, Esq.*
**Attorney at Law**

**KG** Kramer & Golden, P.A. · Law Offices

1175 N.E. 125th Street, Suite 512
North Miami, Florida 33161
P: (305) 899-1800
F: (305) 891-1144
E: afg@kgpalaw.com
www.kgpalaw.com

**CONFIDENTIALITY NOTE**: The information contained in this transmission may be priviliged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipitent, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immeditatley reply to the sender that you have received this communication in error then delete it.

**CIRCULAR 230 NOTICE**: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recomnneding to another party any transaction or matter addressed in this e-mail or attachment.