IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GENA GOLDEN et al., <br><br> Plaintiffs, <br> v. <br><br> MENTOR CAPITAL, INC. et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER REGARDING MOTION TO COMPEL <br><br> Case No. 2:15-cv-176 JNP <br><br> District Judge Jill Parrish <br><br> Magistrate Judge Brooke Wells |

Pending before the court is Defendant Mentor Capital, Inc.'s Motion to Compel the Depositions of Plaintiffs Susan Golden and Gena Golden.[1] This motion is now largely moot because the "depositions of Susan and Richard Golden are set to occur on May 3, 2017"[2] and the deposition of Gena Golden, although not set, is anticipated to occur in "San Francisco on June 17th …."[3] What remains, however, is Defendants' request for costs and fees in the amount of $2,080.50 incurred in bringing the motion to compel.

Federal Rule of Civil Procedure 37(a)(5)(A) provides,

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.[4]

According to Defendants, Plaintiffs did not respond to the requests to schedule depositions until after the filing of the motion. Thus, because the requested discovery was provided after the motion was filed costs and fees are appropriate.

---

[1] Docket no. 93.

[2] Reply p. 2, docket no. 98.

[3] *Id.*

[4] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

"Cooperation among counsel is not only helpful, but required, and the court has the duty to ensure that such cooperation is forthcoming."[5] "The cooperation process should involve information sharing and dialogue in an attempt to resolve discovery disputes without the necessity of the Court ruling on each issue in dispute."[6] In the ideal world discovery should require at most infrequent court involvement because discovery is designed to be extrajudicial and self-executing.[7] Federal Rule 37 vests the court with authority to encourage cooperation between counsel.

The court has carefully reviewed the correspondence between counsel regarding the scheduling of depositions. After doing so the court finds Plaintiffs' counsel's cooperation and diligence in responding to Defendants' counsel's requests for scheduling depositions failed to meet the necessary cooperation standards. Particularly troubling is the uptick in cooperation and responsiveness after Defendants motion was filed. While the court is sympathetic to the health challenges of Plaintiffs and their busy schedules, those matters alone do not justify what occurred in this case. The court therefore will grant Defendants request for costs and fees in part based upon the failure to cooperate adequately in scheduling depositions prior to the filing of the motion.

ORDER

In accordance with Rule 37 and based upon the circumstances in this case before the court, the court GRANTS IN PART Defendants request for costs and fees.[8] The court will

---

[5] *State of Ohio v. Crofters, Inc*., 75 F.R.D. 12, 21 (D. Colo. 1977), *aff'd sub nom. State of Ohio v. Arthur Andersen & Co*., 570 F.2d 1370, (10th Cir. 1978).

[6] *High Point SARL v. Sprint Nextel Corp*., 2012 WL 234024 at *5 (D. Kan. Jan. 25, 2012).

[7] *See* Fed. R. Civ. P. 26; *Selecticia, Inc. v. Novatus, Inc.* 2014 WL 1930426 at *2 (M.D. Florida May 14, 2014).

[8] The remaining portions of the Motion to Compel the Depositions is moot.

2

award $1040.25 in costs and fees. The court discounts the amount by half giving credit to Plaintiffs for some cooperation in the discovery process given their health challenges.

Defendants are ORDERED to provide the court and Plaintiffs with an affidavit of costs and fees associated with bringing this motion within fourteen (14) days from the date of this order. Upon receipt, Plaintiffs will have fourteen (14) days to pay the required amount of costs and fees to Defendants.

DATED this 1 June 2017.

Brooke C. Wells
United States Magistrate Judge