IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| GENA GOLDEN et al., | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO QUASH AND TO STAY DISCOVERY |
|---|---|
| Plaintiffs, | |
| v. | Case No. 2:15-cv-176 JNP |
| MENTOR CAPITAL, INC. et al., | District Judge Jill Parrish |
| Defendants. | Magistrate Judge Brooke Wells |

Counter-claim Defendant Scott Van Rixel moves to quash discovery served upon him by Defendants because "jurisdiction before this Court has not been established."[1] On December 5, 2016, Van Rixel filed a motion to dismiss asserting a lack of personal jurisdiction.[2] That motion is still pending before the Court.

Van Rixel argues he is not a party to this action until jurisdiction is established and presumably until after the motion to dismiss is resolved. In the motion to dismiss Van Rixel asserts that service was untimely and beyond the time allowed by Rule 4(m).[3] A third party complaint was filed against Van Rixel on May 4, 2016.[4] A summons was issued on that same date and that summons was personally served on Van Rixel November 15, 2016.[5] Third-Party Plaintiff Mentor Capital, Inc. argues service of a summons "establishes personal jurisdiction over the served party."[6]

---

[1] Motion to Quash p. 2, docket no. 97.

[2] Docket no. 79.

[3] Motion to Dismiss p. 2, docket no. 79.

[4] Docket no. 65.

[5] Docket no. 72.

[6] Op. p. 2, docket no. 102.

The court agrees with Mentor that the presumption is service of a summons establishes personal jurisdiction over a served party, but this presumption relies upon timely service in accordance with Rule 4(m) and is rebuttable. "Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. Thus, a stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient."[7] The Supreme Court has noted the burdens that discovery may cause when there are outstanding questions regarding absolute immunity.[8] Here, there are no questions regarding absolute immunity but there are jurisdictional questions and those questions from time to time may also warrant a stay of discovery.[9]

Although the undersigned believes there are some serious questions regarding whether or not Van Rixel attempted to avoid service, based upon the instant facts the court finds a temporary stay of discovery toward Van Rixel is proper until the jurisdictional question is resolved. The court will therefore grant the motion to quash and to stay discovery.[10] When the question regarding jurisdiction is resolved Mentor may move the court to extend discovery as to Van Rixel.

ORDER

It is therefore ordered that Counter-claim Defendant Scott Van Rixel's Motion to Quash and Stay Discovery until jurisdiction has been decided is GRANTED.

---

[7] *Am. Tradition Inst. v. Colorado*, 2011 WL 3705108, at *2 (D. Colo. Aug. 23, 2011).

[8] *See Behrens v. Pelletier*, 516 U.S. 399, 308 (1996).

[9] *See Twin City Fire Ins. Co. v. Employers Ins. of Wausau,* 124 F.R.D. 652, 653 (D. Nev. 1989) ("[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues.").

[10] *See Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir.1982) (district judge properly granted defendants' protective order barring discovery prior to a decision on a pending motion to dismiss for jurisdictional defects); *Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 70 (N.D.Ohio 1973) (discovery as to defendant partially stayed in patent infringement case where venue would be improper if defendant had not been guilty of infringement in that particular district).

DATED this 12 July 2017.

_____
Brooke C. Wells
United States Magistrate Judge