IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GENA GOLDEN, an individual and SUSAN GOLDEN, an individual,<br><br>                Plaintiffs,<br><br>   v.<br><br>MENTOR CAPITAL, INC., a Delaware corporation, LABERTEW & ASSOCIATES, a Utah limited liability company, and MICHAEL L. LABERTEW, an individual,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING THIRD-PARTY DEFENDANT, SCOTT VAN RIXEL'S MOTION TO DISMISS<br><br>Case No. 2:15-cv-00176-JNP-BCW<br><br>Judge Jill N. Parrish |
| MENTOR CAPITAL, INC., a Delaware corporation,<br><br>                Third-Party Plaintiff,<br><br>   v.<br><br>RICHARD GOLDEN, an individual, and SCOTT VAN RIXEL, an individual,<br><br>                Third-Party Defendants. | |

Before the court is Third-Party Defendant, Scott Van Rixel's ("Van Rixel"), Motion to Dismiss the Third-Party Complaint ("Complaint") of Third-Party Plaintiff, Mentor Capital, Inc. ("Mentor"), pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Van Rixel argues that dismissal is appropriate because service of the Complaint and summons was

accomplished after the 90-day time limit established in Rule 4(m) and good cause does not exist for the delay. For the reasons articulated below, the court DENIES Van Rixel's motion to dismiss.

**FACTS**

1. On March 14, 2016, Mentor took the deposition of Van Rixel in a related action pending before the American Arbitration Association.
2. In that deposition, Van Rixel provided his business address, but initially refused to give his home address, citing privacy and security concerns.
3. Following the deposition, on April 26, 2016, Van Rixel's attorney provided an address in Miami, Florida as Van Rixel's residential address.
4. On May 4, 2016, Mentor filed its Complaint with the court.
5. On May 7, 2016, the process server whom Mentor had hired informed Mentor that the Miami address was unoccupied and that he had been informed that Van Rixel did not live at that address.
6. Both Mentor and Van Rixel participated in another arbitration held in San Francisco for three days from May 9, 2016, until May 11, 2016.
7. Although Mentor had allegedly experienced difficulty in locating Van Rixel, Mentor chose not to serve Van Rixel at the arbitration. Neither did Mentor ask Van Rixel or his attorney for a current residential address during the three-day arbitration.
8. Between May and November 2016, Mentor alleges that it "continued to search for a valid address" at which to serve Van Rixel. But Mentor did not attempt to serve Van Rixel at the business address he had given at the March deposition.

9. Mentor also failed to inquire of Van Rixel's counsel as to his current residential address or to request that Van Rixel's counsel waive service on his behalf.
10. On November 15, 2016, 195 days after it filed its Complaint, Mentor served Van Rixel at a business event in Las Vegas.

## ANALYSIS

A motion to dismiss under Rule 12(b)(5) for insufficient service of process may be based on a plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m). *See* 5B Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 1353 (3d ed. 2016) (collecting cases stating failure to comply with Fed. R. Civ. P. 4(m) may be basis for 12(b)(5) defense for insufficient service of process). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The burden of establishing validity of service is on the plaintiff. *See F.D.I.C. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

The Tenth Circuit has instructed district courts to evaluate Rule 12(b)(5) dismissals relying on Rule 4(m) using a two-prong test: *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, the court must decide if there is good cause for the failure to effectuate service within 90 days and if there is, then it must give an extension. *Id*. Second, if the plaintiff fails to show good cause, the court must still use its discretion to determine whether permissive extension is warranted. *Id*. Absent a showing of good cause and if the court declines to extend a permissive extension, the court has discretion to "either dismiss the case without prejudice or extend the time for service." *Id*.

Van Rixel argues that Mentor exceeded the time limit established by Rule 4(m) because it filed its Complaint on May 4, 2016, but did not serve the Complaint on him until November 15, 2016, 195 days later. (Doc. 79 at 2–3). Additionally, Van Rixel contends that Mentor has no good cause for its delay because it could have served him as early as May 9, during a joint deposition in a related case, or could have inquired of Van Rixel's counsel to ascertain the best address for service or to ask counsel to accept service on his behalf. (*Id.* at 3–5).

Mentor responds that Van Rixel purposely evaded service by giving a "bogus" home address in Miami, Florida. (Doc. 84 at 4). It contends that when it tried to serve Van Rixel at that address, it found it unoccupied. (*Id.* at 2). Further, Mentor argues that it chose not to serve Van Rixel during the deposition on May 9 because it felt that doing so would be unprofessional. (*Id.*) Finally, due to the difficulty in finding Van Rixel in public after that deposition, Mentor argues that November 15 was the earliest time it reasonably could have effectuated service. (*Id.* at 5–6). Thus, Mentor asks that the court either excuse its failure to effect service within 90 days or extend the time for service pursuant to Rule 4(m). (*Id.*)

*I. No Good Cause Shown.*

Rule 4 does not define "good cause." *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996). The Tenth Circuit has "interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *Id.* (citations omitted). However, good cause may exist where the defendant has avoided or evaded service of process. *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997). The Tenth Circuit has provided further guidance as to the "good cause" inquiry, stating that the good cause exception should be "read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994).

It is undisputed that Mentor exceeded Rule 4(m)'s deadline for service. Mentor contends that good cause exists because Van Rixel purposely and nefariously avoided service. Specifically, Mentor argues that it failed to locate Van Rixel because the residential address he gave to Mentor's counsel was "bogus" and he generally evaded service by not appearing at more of his company's events. (Doc. 84 at 4–5). While it may be true that the residential address became outdated and that Van Rixel attended fewer public events in an effort to avoid service, that is insufficient to show good cause.

Mentor's proffered justification for failure to effect timely service on Van Rixel is insufficient to constitute good cause where Mentor failed to follow through on reasonable options for serving Van Rixel in the allotted time. Mentor failed to serve Van Rixel when they were together for three days during an arbitration, despite the fact that Mentor already knew that the residential address it had for Van Rixel was no longer valid. Indeed, the process server made Mentor aware that Van Rixel's residential address was not valid three days before the arbitration. (*Id.* at Ex. C). Even with this knowledge, Mentor did not ask either Van Rixel or his attorney for an updated address. And Mentor never attempted to serve Van Rixel at his business address, never contacted Van Rixel's attorney to request an updated residential address, and never inquired of Van Rixel's counsel as to whether he would accept service on his behalf. Finally, at no time did Mentor file a motion with the court seeking to extend the time for service. Mentor's occasional and pedestrian attempts to serve Van Rixel do not qualify as a meticulous effort to comply with Rule 4(m).

Mentor also argues that Van Rixel had notice regarding the third-party claims against him. But "[t]he relevant standard . . . is not whether defendants do or do not have 'actual knowledge' of a suit in which they are named. The standard is whether plaintiffs have shown

5

'good cause' for their failure" to effectuate service and "actual notice is not equivalent to a showing of good cause." *Despain*, 13 F.3d at 1439. Thus, Van Rixel's knowledge of the third-party claims against him does not excuse Mentor's failure to effectuate timely service.

*II. The Court Grants a Permissive Extension*

The court now turns to the second prong of the test outlined in *Espinoza*, under which it must exercise its discretion in deciding whether to grant a permissive extension to Mentor. *Espinoza*, 52 F.3d at 841. The factors to be considered in determining whether to grant a permissive extension include: 1) potential barring of claims under a statute of limitations, 2) prejudice to the defendant, 3) whether the defendant had notice, 4) the likelihood of eventual service, 5) whether the plaintiff is represented by counsel, and 6) the length of the delay. *Id.* at 842.

The court concludes that a permissive extension is warranted in this case. Although the statute of limitations would not bar the refiling of the Complaint, other considerations warrant an extension of time. First, Van Rixel suffered little or no prejudice as a result of the delay in service and will suffer little or no prejudice from the court granting Mentor an extension. Even though service was not effectuated for 195 days, there is no indication that Van Rixel has been prejudiced by the delay. Indeed, neither trial nor discovery cut-off dates have been set in this matter and the parties are just beginning the fact discovery process. Further, it is apparent that Van Rixel has had notice of these proceedings for quite some time. More importantly, because any dismissal would be without prejudice, granting Van Rixel's motion to dismiss would only further delay these proceedings because Mentor would then need to refile its claims and again serve Van Rixel. Accordingly, the court exercises its discretion to grant a permissive extension of time for service through the date Van Rixel was served on November 15, 2016.

**ORDER**

IT IS ORDERED that the time for service of process for Mentor's Third-Party Complaint is extended to November 15, 2016. IT IS FURTHER ORDERED that Van Rixel's Motion to Dismiss (Dkt. No. 79) is DENIED.

DATED August 3, 2017.

_____
Judge Jill N. Parrish
United States District Judge