IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GENA GOLDEN et al., <br><br> Plaintiffs, <br><br> v. <br><br> MENTOR CAPITAL, INC. et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO COMPEL <br><br> Case No. 2:15-cv-176 JNP <br><br> District Judge Jill Parrish <br><br> Magistrate Judge Brooke Wells |

Before the court are two motions to compel filed by Defendant and Third-Party Plaintiff Mentor Capital. Mentor seeks "complete discovery responses from each of Plaintiffs Susan Golden and Gena Golden"[1] Mentor also moves the court for "complete discovery responses from Third-Party Defendant Richard Golden."[2] The court addresses each of these motions in turn as set forth below.

## BACKGROUND

In May 2016 Mentor Capital filed a Third-Party Complaint against Richard Golden and Scott Van Rixel.[3] Mentor seeks contribution, indemnification and indemnity for claims brought "against Mentor as the purported seller of securities."[4] In the Complaint Mentor claims it is "unsure of the true mechanics by which Plaintiffs received the stock about which they complain, but Plaintiffs have pled that Third-Party Defendant Richard Golden was instrumental in their

---

[1] Motion to Compel Complete Discovery Responses from Gena Golden and Susan Golden p. 2, docket no. 108.

[2] Motion to Compel Complete Discovery Responses from Richard Golden p. 2, docket no. 109.

[3] Docket no. 65.

[4] Third-Party Complaint ¶ 3.

receiving their stock."[5] Mr. Golden wrote the checks by which Plaintiffs bought their stock and Mr. Van Rixel "negotiated those checks."[6]

On April 4, 2017, Mentor served Mr. Golden its First Set of Requests for Admission, First Set of Interrogatories and First Set of Requests for Production. On this same date Mentor also served on each of the Plaintiffs Susan Golden and Gena Golden, its Second Set of Interrogatories and its First Set of Requests for Admission. In May 2017 following review of the responses from each of the parties Mentor sent a meet and confer letter outlining alleged deficiencies within the responses. These alleged deficiencies included *inter alia* failures to verify responses, improper boiler-plate general objections, inadequate specificity in the responses, failures to produce responsive documents and incomplete responses. In response Counsel for Mr. Golden and Plaintiffs replied that the responses were sufficient and no amendments or supplements would be forthcoming.[7] These motions followed. Mentor also seeks its fees and costs in bringing the motions.

## DISCUSSION

Relevant to both motions are Federal Rules 26 and 36. Fed. R. Civ. P. 26(b)(1) provides that:

> "Parties may obtain discovery regarding any nonprivleged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[8]

---

[5] *Id.* ¶ 5.

[6] *Id.* ¶ 7.

[7] Sean N. Egan is counsel for Plaintiffs and Mr. Golden who are all related. "Mr. Golden's wife is Susan while his daughter is Gena." Mentor's Reply p.2 fn. 2.

[8] Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 36(a)(4) provides:

> "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."[9]

### I. The court will order Gena and Susan Golden to provide the requested discovery

Mentor argues it is entitled to complete discovery responses because Plaintiffs initiated this matter and Mentor is "entitled to know exactly how it is alleged to have engaged in fraud and conspiracy and what specifically it is alleged to have misrepresented."[10] In response, Plaintiffs argue that Mentor already knows how their shares were purchased and further supplementing the discovery is unnecessary. This knowledge came from the depositions of Plaintiffs and Plaintiffs point to their "Reply Memorandum in support of their Motion for Leave to Amend their Complaint" that provides "how they came to possess Mentor stock."[11] Plaintiffs then summarize how they came into possession of their stock and also point to an email from "Chester Billingsley to Tod DiTommaso dated August 6, 2014."[12]

The court finds Plaintiffs arguments unpersuasive. Under the Federal Rules Mentor may use all the discovery tools that are available and is not confined to only depositions. Mentor should not be required to hunt through memoranda looking for discovery responses, nor is it appropriate for a party to answer discovery requests in an opposition memorandum to a motion to compel. Requiring a party to search through a party's filings for discovery responses is akin to asking someone to find the proverbial needle in a haystack and undermines the basic purpose

---

[9] Fed. R. Civ. P. 26(a)(4).

[10] Motion to Compel Complete Discovery Responses from Gena Golden and Susan Golden p. 3.

[11] Op to motion p. 2, docket no. 112.

[12] *Id.* p. 3.

of the Federal Civil Rules to "secure the just, speedy and inexpensive determination of every action and proceeding."[13] The court has reviewed the propounded discovery as set forth in the memoranda and finds it falls within the requirements of Rule 26(b)(1). The court will therefore require Gena and Susan Golden to provide verified and signed responses to Requests for Admission numbers 1 through 6 and Interrogatory number 9.

## II. The court will order Richard Golden to supplement or amend the discovery responses

The arguments made in the motion to compel Richard Golden to supplement or amend discovery responses are similar to those mentioned previously. Mentor seeks complete responses to Request for Admission numbers 3, 4 and 5, Interrogatory numbers 4, 5, 7, 8, 9, 10, 15 and 16 and production of documents in response to the First Set for Requests for Production. Mr. Golden points to his deposition and again answers some of the requested discovery in opposition to Mentor's motion. Once again this approach fails. Mentor may seek discovery under the Federal Rules and under those same rules Mr. Golden is required to provide verified answers that do not seek to play a game of hide and seek.

## III. The court will award Mentor its fees and costs for bringing the motions

Rule 37(a)(5)(A) provides that,

> "If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[14]

Mentor seeks $2,321 in costs and fees for bringing the motion to compel discovery from Gena and Susan Golden. Mentor Further seeks $2,215 in its motion to compel discovery from

---

[13] Fed. R. Civ. P. 1.

[14] Fed. R. Civ. P. 37(a)(5)(A).

Richard Golden.  The court finds the Golden's responses to discovery along with the granting of Mentor's motions warrant the imposition of costs and fees.  This is the second time the court enters sanctions for discovery violations against Plaintiffs.[15]  It is concerning to the court that either Plaintiffs or Plaintiffs' counsel seem intent on delaying and not cooperating in this action.  There is no need for such conduct in the civil arena of dispute resolution and the court admonishes Plaintiffs and their counsel to follow the Federal Rules and use better judgment in their litigation strategy.

## CONCLUSION and ORDER

As set forth above and for good cause shown, the court GRANTS Mentor's Motion to Compel Complete Discovery Responses from Gena and Susan Golden.[16]  The court also GRANTS Mentor's Motion to Compel Further Discovery Responses from Richard Golden.  The discovery is ORDERED to be produced within thirty (30) days from the date of this order.

IT IS FURTHER ORDERED that Mentor's request for costs and fees in bringing the respective motions is GRANTED.  The Goldens and or their counsel are to pay $4,536 to Defendant Mentor within thirty (30) days from the date of this order.

IT IS SO ORDERED.

---

[15] Memorandum decision and order regarding motion to compel, docket no. 105.

[16] Docket no. 108.

DATED this 5 September 2017.

_____
Brooke C. Wells
United States Magistrate Judge