# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GENA GOLDEN, an individual and SUSAN GOLDEN, an individual, <br><br> Plaintiffs, <br> v. <br><br> MENTOR CAPITAL, INC., a Delaware corporation, LABERTEW & ASSOCIATES, a Utah limited liability company, and Michael L. Labertew, an individual, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY <br><br> Case No. 2:15-CV-00176-JNP <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Brooke Wells |

Before the court is Plaintiffs' Motion for Stay Pending Ruling on Objection.[1] On September 5, 2017, the undersigned granted Defendant Mentor Capital's Motion to Compel and ordered Plaintiffs or their counsel to provide written supplementations to discovery requests and to pay fees (discovery order).[2] Plaintiffs filed a timely objection to the discovery order on September 19, 2017 and seek a stay of that order until the objection is ruled upon.

Under Local Rule 72-3 "pending a review of objections, motions for stay of magistrate judge orders shall be addressed initially to the magistrate judge who issued the order."[3] Thus, the Motion to Stay is properly before the undersigned. As noted by Defendants, a stay of a magistrate's order is not automatic and the burden is on the party objecting to an order to not only file an objection but also to file a motion to stay. Unfortunately in this case Plaintiffs were somewhat slow to file their Motion to Stay, which was filed after the deadline came for

---

[1] Docket no. 127.

[2] Memorandum Decision and Order dated September 5, 2017, docket no. 120.

[3] DUCivR72-3 (2016).

compliance with the discovery order. In that order Plaintiffs were given "thirty (30) days from the date of [the] order" to provide the discovery and to pay the $4,536 in fees. The discovery order was signed on September 5, 2017, making compliance with the order due on or before October 5, 2017. Plaintiffs filed their Motion to Stay on October 9, 2017 four days after the deadline. Such a late filing would in most cases be denied by the court notwithstanding Plaintiffs' counsel's supposed excuse of starting a trial on September 25, 2017, but the circumstances here are somewhat unique and allow for a rare exception.

Prior to the deadline for compliance with the discovery order Judge Parrish entered a Memorandum Decision and Order granting Plaintiffs' Motion for Partial Summary Judgment on Count I of their Second Amended Complaint.[4] Such a ruling **may** impact some of the ordered discovery and supports a brief stay of the discovery order pending resolution of the objections. As noted by another court in this circuit, "A stay of a magistrate judge's discovery order should be granted sparingly. Allowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt."[5] Ordinarily the court would be reluctant in the instant situation to grant a motion to stay but given the unique intervening circumstances here the court will grant the motion.

Accordingly, Plaintiffs' Motion to Stay the discovery order is GRANTED.

DATED this 13 October 2017.

Brooke C. Wells
United States Magistrate Judge

---

[4] Docket no. 124.

[5] *Granato v. City & Cty. of Denver*, No. 11-CV-0-304-MSK-BNB, 2011 WL 1335854, at *2 (D. Colo. Apr. 7, 2011) (citing *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc*., 124 F.R.D. 75, 79 (S.D.N.Y.1989)).