IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GENA GOLDEN, an individual and SUSAN GOLDEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MENTOR CAPITAL, INC., a Delaware corporation, LABERTEW & ASSOCIATES, a Utah limited liability company, and Michael L. Labertew, an individual,<br><br>Defendants.<br><br>MENTOR CAPITAL, INC., a Delaware corporation,<br><br>Third-party Plaintiff<br><br>v.<br><br>RICHARD GOLDEN, an individual, and SCOTT VAN RIXEL, an individual,<br><br>Third-Party Defendants | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO QUASH<br><br>Case No. 2:15-CV-00176-JNP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Brooke Wells |

Defendant Mentor Capital, Inc. moves the court to quash the deposition served on Chet Billingsley.[1] Mr. Billingsley is the Chief Executive Officer of Mentor. Third-party Defendant Scott Van Rixel served the subpoena on October 26, 2017. Under the Amended Scheduling Order fact discovery ended May 15, 2017 and expert discovery concluded September 1, 2017.[2]

---

[1] Docket no. 133.

[2] Amended Scheduling Order, docket no. 92.

A Rule 45 subpoena should not be used as "an improper attempt to circumvent the discovery deadline."[3] The court therefore will GRANT the Motion to Quash.

Briefly, following service of Mentor's third party complaint, Mr. Van Rixel moved to dismiss the complaint in December 2016.[4] During the time that motion was pending Mr. Van Rixel resisted discovery and the court stayed discovery against him.[5] Mr. Van Rixel's motion was subsequently denied[6] and the court lifted the stay of discovery as to Mr. Van Rixel.[7] In that order Mr. Van Rixel was given "fourteen (14) days" to respond to the April 2017 discovery requests served by Mentor. Shortly thereafter on September 8, 2017, Mentor moved for an extension of the dispositive motion filing deadline.[8] Specifically Mentor requested "that the dispositive motion filing date be extended until 30 days after receipt of complete discovery responses from the Golden[s] and Van Rixel, including the completion of Van Rixel's to-be-set deposition."[9] The court granted the motion via a docket text order that stated "The deadline to file dispositive motions is extended due to the need to complete discovery including Mr. Van Rixel's deposition. The dispositive motion deadline is extended until November 17, 2017."[10]

As demonstrated from the record Mentor was the moving force behind seeking discovery extensions so it could serve discovery on Mr. Van Rixel and depose him. In contrast during the

---

[3] Abrams v. Ciba Specialty Chemicals Corp. 265 F.R.D. 585, 5988 (S.D.Ala. 2010); *see also* Peterbilt of Great Bend, LLC v. Doonan, 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006) ("'when a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied.'") (quoting Revander v. Denman, 2004 WL 97693, *1 (S.D.N.Y. 2004)).

[4] Docket no. 79.

[5] Memorandum Decision and Order Granting Motion to Quash and to Stay Discovery, docket no. 107.

[6] Docket no. 110.

[7] Docket no. 119.

[8] Docket no. 121.

[9] Motion Requesting an Extension of the Deadline to File Dispositive Motions, p. 4, docket no. 121.

[10] Docket no. 122.

preceding time frame, Mr. Van Rixel never served discovery requests, failed to move to extend discovery and did not move to reopen discovery after his motion to dismiss was denied. Rather, on October 26, 2017, after the close of fact discovery, Mr. Van Rixel served his subpoena. Mr. Van Rixel seeks to excuse this untimeliness arguing that not permitting him to depose Mr. Billingsley "would deny Van Rixel due process and is inconsistent with the Court's Order of August 22, 2017 [Dkt. 122]. The August Order extended discovery through November 17, 2017."[11] The court is not persuaded by Mr. Van Rixel's argument.

The court has carefully reviewed the record and notes that it is unclear from Mr. Van Rixel's pleadings precisely which court order he is citing to. There is no order of August 22, 2017, as cited to by Mr. Van Rixel, but there is an order entered on August 18, 2017.[12] As mentioned previously, in that order the court lifted the "stay of discovery as to Mr. Van Rixel" and reinstated the "discovery requests served in April 2017…."[13] Given the nature of that order, however, the court presumes Mr. Van Rixel intends to rely on docket 122. Docket 122 is a docket text order granting Mentor's request to move the dispositive motion deadline and the deadline to depose Mr. Van Rixel. Specifically in that order the court extended the dispositive motion deadline "until November 17, 2017." But, the court did not order all discovery to be extended until that date. Mr. Van Rixel's reading of that order is simply not supported by its plain language or the record.

A scheduling order is designed to move a case toward resolution and has limits on the time to join parties, amend pleadings, complete discovery, and file motions.[14] If it were

---

[11] Op. p. 2, docket no. 134.

[12] Docket no. 119.

[13] Memorandum Decision and Order Granting Motion for Extension of Time to Complete Discvoery, p. 2, docket no. 119.

[14] *See* Fed. R. Civ. P. 16(b)(3)(A).

otherwise, a case could last longer than even the Star Wars saga.[15] "A schedule may be modified only for good cause and with the judge's consent."[16] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[17] Rule 45 subpoenas are a discovery device and are "subject to the same time constraints that apply to all of the other methods of formal discovery."[18] And, a Rule 45 subpoena should not be used as "an improper attempt to circumvent the discovery deadline."[19] Here, Mr. Van Rixel offers no valid excuses for his untimeliness and even if the court were somehow to broadly construe Mr. Van Rixel's pleadings as a veiled attempt to amend the schedule, he has not shown the diligence necessary to grant any such request.

Accordingly, Mentor's Motion to Quash is GRANTED.

DATED this 2 November 2017.

Brooke C. Wells
United States Magistrate Judge

---

[15] "A long time ago in a galaxy far, far away" is the presumed beginning for the events of Star Wars.

[16] Fed. R. Civ. P. 16 (b)(4).

[17] *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105, 2005 WL 475269 (D.D.C. 2005).

[18] *Marvin Lumber and Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 443 (D.Minn. 1997).

[19] *Abrams v. Ciba Specialty Chemicals Corp.* 265 F.R.D. 585, 5988 (S.D.Ala. 2010); *see also Peterbilt of Great Bend, LLC v. Doonan,* 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006) ("'when a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied.'") (quoting *Revander v. Denman,* 2004 WL 97693, *1 (S.D.N.Y. 2004)).