# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GENA GOLDEN, *et al.*,<br><br>      *Plaintiffs*,<br>v.<br><br>MENTOR CAPITAL, INC., *et al.*,<br><br>      *Defendants*. | **MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFFS' CLAIMS WITH PREJUDICE**<br><br>Case No. 2:15-cv-00176-JNP<br><br>District Judge Jill N. Parrish |
| MENTOR CAPITAL, INC.,<br><br>      *Third-Party Plaintiff*,<br>v.<br><br>RICHARD GOLDEN, *et al.*,<br><br>      *Third-Party Defendants*. | |

Before the court is Plaintiffs' Rule 41 Motion to Dismiss with Prejudice and for Stay of Summary Judgment Briefing (ECF No. 152). The court previously granted Plaintiffs' request that it stay all briefing on Mentor Capital, Inc.'s Motion for Summary Judgment. For the reasons set forth below, the court grants the remainder of Plaintiffs' motion. Plaintiffs' claims are dismissed with prejudice as moot.

## I. BACKGROUND

Plaintiffs Gena and Susan Golden have moved to dismiss their claims with prejudice. They contend that their claims are moot because Defendant Mentor Capital, Inc. has paid them the relief they seek in this action. Mentor agrees that Plaintiffs' claims should be dismissed with

prejudice. But it contends that the dismissal should be conditioned on it being declared the prevailing party. Defendants Michael L. Labertew and Labertew & Associates do not oppose dismissal and have not asked the court to declare them prevailing parties as a condition to dismissal.

## II. DISCUSSION

### A. DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)

Mentor contends that the court should dismiss Plaintiffs' claims on the condition that Mentor be declared a prevailing party. This will allow Mentor to seek costs and attorneys' fees. Plaintiffs oppose Mentor's request. Plaintiffs argue that Mentor should not be declared a prevailing party because it paid Plaintiffs the damages they seek in this case. The court agrees with Plaintiffs.

Under Rule 41(a)(2), courts may dismiss an action, upon a plaintiff's request, "on terms the court considers proper." This rule allows courts to dismiss a case on the condition that a defendant is declared a prevailing party. *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527-28 (10th Cir. 1997). Similarly, a court may dismiss a case on the condition that a defendant is awarded costs, attorneys' fees, or both. *See id.* at 1526-28. The Tenth Circuit has held that "a defendant is a prevailing party under Rule 54 when, *in circumstances not involving settlement*, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice." *Id.* at 1527 (emphasis added) (quoting *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 456 (10th Cir. 1995)).

Here, Mentor Capital is not a prevailing party because it paid Plaintiffs the damages they seek in this action. Plaintiffs have moved to dismiss their claims with prejudice on the grounds that they have received the relief sought under their claims. Specifically, Mentor paid Plaintiffs the damages they seek in this action pursuant to a judgment in another case, *see Mentor Capital*

2

*Inc. v. Bhang Chocolate Co.*, No. 3:14-cv-03630-LB, ECF No. 55 at 2 (N.D. Cal. filed Aug. 11, 2014). This judgment allowed Plaintiffs to return their Mentor stock to Mentor in exchange for the consideration they paid for the stock. In short, Mentor returned to Plaintiffs the money they invested in Mentor.

Consequently, Mentor Capital and Plaintiffs have not entered into a formal settlement agreement. But they have "settled" their claims because Mentor paid to Plaintiffs the damages they seek in this case. *See Settle*, *Black's Law Dictionary* (10th ed. 2014) ("2. To end or resolve (an argument or disagreement, etc.); to bring to a conclusion (what has been disputed or uncertain) <they settled their dispute>."). The parties have come to a *de facto* settlement that allowed Plaintiffs to tender their shares to Mentor for the consideration they paid for those shares. Requiring the parties to enter into a formal settlement agreement to avoid the rule that a defendant is a prevailing party when the plaintiff dismisses a case against the defendant would produce an absurd result: Mentor would be declared the prevailing party despite the fact that it gave Plaintiffs the relief they requested. Thus, despite the fact that Plaintiffs seek to voluntarily dismiss their claims, Mentor is *not* a prevailing party because the parties have settled the claims at issue, thereby rending them moot.

### B. Costs Under Rule 54(d)(1)

Although Mentor has not moved for costs at this time, the court turns to the issue of whether Mentor would be entitled to costs if it were a prevailing party. Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." In short, Rule 54(d)(1) creates a "presumption that the district court will award costs to the prevailing party," and the "district court must provide a valid reason for not awarding costs to a prevailing party." *AeroTech*, 110

F.3d at 1526.[1] A district court's denial of costs under Rule 54(d)(1) is reviewed for abuse of discretion. *Id.*

While it is presumed that a district court will award costs to a prevailing party, there are a number of circumstances in which a district court may properly deny costs to a prevailing party. *Id.* For instance, "a denial of costs does not constitute an abuse of discretion when the prevailing party is only partially successful." *Id.* (citing *Cantrell*, 69 F.3d at 459). The Tenth Circuit has also suggested that a district court may decline to award costs when "the prevailing party acted in bad faith, the prevailing party received only nominal damages, the nonprevailing party was indigent, the issues were close and difficult, or the costs were unreasonably high or unnecessary." *Id.* (citing *Cantrell*, 69 F.3d at 459).

Here, even assuming that Mentor were declared a prevailing party, the court would not grant it costs under Rule 54(d)(1). Mentor was not even "partially successful" in this action. Shortly after the case was filed, Mentor unsuccessfully attempted to dismiss Plaintiffs' claims. Mentor also unsuccessfully sought sanctions against Plaintiffs. Plaintiffs eventually prevailed, over Mentor's opposition, on their motion for partial summary judgment.[2] Plaintiffs have only now decided to dismiss their claims with prejudice because Mentor has paid them for their Mentor stock pursuant to a judgment in another case. This was also a "close and difficult case,"

---

[1] The Tenth Circuit articulated these limits on a district court's discretion to award costs when Rule 54(d) provided that "[e]xcept when express provision therefor is made in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *AeroTech*, 110 F.3d at 1526. The court sees no substantive difference between the present and prior version of Rule 54(d) and therefore applies the limitations outlined in *AeroTech*.

[2] As discussed below, Mentor has asked the court to reconsider its ruling on Plaintiffs' motion for partial summary judgment. Mentor has presented new arguments and defenses in this motion, specifically the statute of repose, which the court suspects could have defeated Plaintiffs' claims. But the court sees little reason to award Mentor costs when most of those costs are associated with what appears to be wasteful motions practice.

weighing against an award of costs to either side. *See U.S. Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966). Consequently, even if Mentor were a prevailing party, the court would exercise its discretion to deny Mentor costs.

## C. ATTORNEYS' FEES

The court also addresses the issue of whether Mentor would be entitled to attorneys' fees as a condition of dismissal.[3] A defendant may not recover attorneys' fees as a condition of dismissal when a plaintiff dismisses an action with prejudice "absent exceptional circumstances." *AeroTech*, 110 F.3d at 1528; *see also Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985) ("[W]hen a lawsuit is voluntarily dismissed with prejudice under [Rule] 41(a)(2), attorneys' fees have almost never been awarded."). The Tenth Circuit has suggested that exceptional circumstances may exist "when a litigant makes a *repeated practice* of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *AeroTech*, 110 F.3d at 1528 (emphasis added). Mentor suggests that there are exceptional circumstances justifying an award of attorneys' fees because Plaintiffs used unreasonable litigation tactics meant to harm Mentor. The court disagrees.

Even assuming that Plaintiffs' counsel acted in a way to impose significant costs on Mentor,[4] there are not exceptional circumstances justifying an award of attorneys' fees because Mentor's counsel responded with similarly unreasonable conduct. For instance, Mentor Capital refused to stipulate to Plaintiffs' motion for an extension of time for a reply brief that was due *a day after Thanksgiving*.

---

[3] Although Mentor does not specifically request that it be awarded attorneys' fees as a condition of dismissal, it cites *AeroTech* for the proposition that "attorneys' fees may be awarded in exceptional circumstances when a plaintiff dismisses an action with prejudice."

[4] And this may well be the case. Magistrate Judge Wells previously noted that Plaintiffs "seem[ed] intent on delaying and not cooperating in this action." ECF No. 120 at 5.

5

In an email, counsel for Plaintiffs sought a stipulation from counsel for Mentor Capital allowing an extension of time. Counsel for Mentor Capital responded with a single word, "Nope." ECF No. 73-1 at 2. Counsel for Plaintiffs inquired as to the reason for not agreeing to the stipulation. ECF No. 73-1 at 2. Counsel for Mentor Capital responded, "I don't need any reasons." ECF No. 73-1 at 3. Counsel for Mentor then went on to explain that Plaintiffs were "wast[ing] everyone's time" and that counsel for Plaintiffs needed to "get 'er done" and file the reply by the deadline. ECF No. 73-1 at 3. Based on this exchange, the court warned Mentor's counsel that he was required to comply with the Utah Standards of Professionalism and Civility, which provides that "[l]awyers *shall* agree to reasonable requests for an extension of time and waiver of procedural formalities when doing so will not adversely affect their clients' legitimate rights." R. Prof. Cond. 14-301 (emphasis added).

In sum, Mentor and Plaintiffs have both used questionable litigation tactics at times. Moreover, Mentor has failed to show that Plaintiffs have engaged in a "repeated practice" of bringing claims against Mentor that are later dismissed with prejudice. *AeroTech*, 110 F.3d at 1528. As such, this case "falls short of the type of circumstances [the Tenth Circuit] ha[s] indicated might be sufficient to award attorneys' fees." *Vanguard Envtl., Inc. v. Kerin*, 528 F.3d 756, 760 (10th Cir. 2008) (holding that there were no "exceptional circumstances" when plaintiff failed to substantiate its allegations and dismissed the action shortly before trial). Consequently, the court concludes that Mentor has not shown exceptional circumstances that would justify an award of attorneys' fees as a condition of dismissal.

### D. THE COURT'S PRIOR MEMORANDUM DECISION AND ORDER

Although Plaintiffs seek to dismiss their claims, Mentor asks that the court nevertheless reconsider its September 25, 2017 Memorandum Decision and Order. In that order, the court held that the securities Mentor sold to Plaintiffs were not exempt from registration under 11

6

U.S.C. § 1145 (an exemption for securities sold pursuant to a plan of reorganization) because Mentor failed to comply with the terms of its Third Amended Plan of Reorganization (the "Plan"). Specifically, the court held that securities sold "pursuant" to the Plan were not exempt from registration because Mentor failed to file an amendment to its articles of incorporation—a condition to the Plan becoming effective.

Mentor contends that the prior order could subject Mentor to liability in other suits. The court recognizes that the issues addressed in the prior order were complex and that there was no binding authority on either parties' side. And Mentor's briefing on the motion for reconsideration presents additional authorities that could undermine the court's prior order. But the motion for reconsideration is moot once Plaintiffs' claims are dismissed. Therefore, the court will not reach the merits of the motion. Indeed, Mentor appears to ask for an advisory opinion because the court's ruling on the motion for reconsideration would have no legal effect on *this case*. *See Muskrat v. United States*, 219 U.S. 346, 356 (1911) ("Judicial power . . . is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for decision." (citation omitted)). Nevertheless, the court concludes that it should vacate its prior order based on the additional arguments raised by Mentor in its motion for reconsideration.

### III. CONCLUSION AND ORDER

For the reasons set forth above, it is HEREBY ORDERED:

1. Plaintiffs' Rule 41 Motion to Dismiss with Prejudice and for Stay of Summary Judgment Briefing (ECF No. 152) is GRANTED;

2. Plaintiffs' claims are moot and therefore are DISMISSED WITH PREJUDICE;

3. Mentor's request that it be declared a prevailing party is DENIED;

4. Mentor's Motion for Reconsideration (ECF No. 131); Mentor's Motion for Summary Judgment (ECF No. 150); and Defendant Labertew & Associates and Michael L. Labertew's Motion for Summary Judgment (ECF No. 151) are DENIED AS MOOT;

5. The court VACATES its Memorandum Decision & Order dated September 25, 2017 (ECF No. 124); and

6. A separate order will issue addressing Mentor's third-party claims.

Signed January 25, 2018

                        BY THE COURT

                        _____
                        Jill N. Parrish
                        United States District Court Judge